UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRANDI L. TAYLOR                                          CIVIL ACTION

VERSUS                                                    NO. 09-3801

JOTUN PAINTS, INC.                                        SECTION "N" (5)

# O R D E R and R E A S O N S

Before the Court is the Defendant's Motion to Dismiss Pursuant (Rec. Doc. 5). The motion is opposed. After reviewing the memoranda, the amended complaint, and the applicable law, the Court rules as stated herein.

## I. BACKGROUND

The following recited facts are derived from the amended complaint recently filed by Plaintiff and are viewed in the light most favorable to her. Fed. R. Civ. P. 12(b)(6); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Plaintiff Brandi L. Taylor ("Taylor") was employed as an accounts payable administrator in May 2007 when she advised her superiors at Jotun Paints, Inc. ("Jotun") that she was pregnant. She experienced medical difficulties and was out of work from April 23, 2007 to May 3, 2007. After her return to work she had a confrontation with a supervisor, who allegedly expressed her disbelief of Plaintiff's medical condition. This confrontation

caused Plaintiff to become ill, as a result of which her doctor placed her on bed rest. She claims that Jotun gave her sixteen weeks of medical leave to end on August 23, 2007. During her medical leave, Plaintiff received an email from a supervisor on July 18, 2007, advising her that if she did not return to work after her medical leave ended she would be terminated. On August 16, 2007, Plaintiff gave birth (nearly three months premature) and was placed on eight weeks maternity leave by Jotun, pursuant to company policy. However, she received a registered letter from Jotun terminating her employment on August 30, 2007. Taylor filed a complaint with the Equal Employment Opportunity Commission and received a right-to-sue letter. She filed the instant suit on June 8, 2009, alleging that her firing was retaliatory and discriminatory under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 (the "PDA"), 42 U.S.C. § 2000e, *et seq.*

## II. ANALYSIS

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1959 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion,

sex, or national origin." 42 U.S.C. § 2000e-2(a). As amended by the first clause of the PDA, Title VII defines the term "because of sex" as including, but not limited to, "because of or on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k). A claim brought under the PDA is analyzed like any other Title VII discrimination claim. *Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir. 1998). Title VII discrimination can be established through either direct or circumstantial evidence. *See Wallace v. Methodist Hospital System*, 271 F.3d 212, 219 (5th Cir. 2001). Taylor's case is built on the latter, which means that it is analyzed under the familiar *McDonnell Douglas* framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under this framework, the plaintiff must first create a presumption of discrimination by making out a prima facie case of discrimination. *See Wallace*, 271 F.3d at 219. In order to make out a prima facie case of pregnancy discrimination, a plaintiff must show: (1) she was a member of the protected class; (2) she was qualified for the position; (3) she was discharged; and (4) that other similarly situated nonpregnant employees were more favorably treated. *See Urbano*, 138 F.3d at 206. Once the prima facie case is made, the familiar *McDonnell Douglas* burden-shifting exercise begins; but for purposes of the instant motion the Court need only determine whether Plaintiff could make a prima facie case of pregnancy discrimination.

Reviewing the amended complaint, Plaintiff has pled enough facts to state a plausible claim to relief as to three of the elements required to make a prima facie case. It appears to be undisputed that Plaintiff was a member of the protected class and was discharged. She has also alleged with the requisite particularity that she was qualified for the position. That is, she has alleged that she was qualified to perform the tasks associated with her position and that she

received no formal reprimand or notice of misconduct. *See* Amend. Compl. at ¶¶ 11, 12. She alleged that she was placed on bed rest by her physician and that Jotun allowed her to take sixteen weeks of medical leave. *Id.* at ¶ 21. She claims that she was terminated despite being placed on maternity leave. *Id.* at ¶¶ 29-32. Plaintiff will be put to her proof on these allegations, but they are adequate to state a plausible claim for relief.

Plaintiff, however, has not pled with the requisite particularity that other similarly situated nonpregnant employees were more favorably treated. She does allege in her memorandum in opposition that in 2006, a male warehouse employee was hospitalized for three to four months for a gangrenous toe and that upon his return from medical leave, was not terminated. *See* Opp. at 6 (Rec. Doc. 7). The Court expresses no opinion on whether this allegation alone, properly pled in the complaint, would suffice to survive a motion to dismiss. But it is clear that this allegation is not pled in the complaint, only referenced in Plaintiff's opposition, which is insufficient to survive a 12(b)(6) motion. Nor is there any other allegation in the amended complaint regarding Jotun's treatment of pregnant versus non-pregnant employees. The inclusion of this factual allegation in the memorandum, however, suggests that Plaintiff may be able to plead facts with the requisite particularity required to state a plausible claim for relief. Accordingly, the Court will construe the allegation in the memorandum in opposition as a motion for leave to amend the complaint, which is granted. *See Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972) (in interests of justice, issue raised in memorandum should have been construed as motion to amend complaint) (Wisdom, J.).

### III. CONCLUSION

Considering the foregoing, the motion to dismiss is **DENIED WITHOUT**

**PREJUDICE**. Plaintiff is granted leave of 21 days from the date of this Order to amend the complaint to plead with the requisite particularity that other similarly situated nonpregnant employees were more favorably treated. After that date, Defendant may re-urge the motion to dismiss if it chooses.

New Orleans, Louisiana, this 12th day of August, 2009.

_____
**KURT D. ENGELHARDT**
**United States District Judge**