UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BRANDI L. TAYLOR                                              CIVIL ACTION

VERSUS                                                        NO. 09-3801

JOTUN PAINTS, INC.                                            SECTION "N" (5)

### ORDER AND REASONS

Before the Court is Plantiff's Motion for Reconsideration of the Court's Ruling Entered September 15, 2010 (Rec. Doc. 102). This motion is opposed by Defendant Jotun Paints, Inc. ("Jotun") (See Rec. Doc. 103). Specifically, this motion seeks reconsideration of the September 15, 2010 Order and Reasons (Rec. Doc. 99), wherein the Court granted summary judgment in favor of Jotun. The undersigned signed the Final Judgment on that same day; however, such was not docketed until the following day, shortly before this motion for reconsideration was filed. Regardless, because Judgment has been entered, Rule 54(b) of the Federal Rules of Civil Procedure is not applicable. The Court looks to Rule 59(e) for guidance.

A Rule 59(e) motion "calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could

1

have been offered or raised before the entry of judgment, *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc*., 910 F.2d 167, 174 (5th Cir.1990). There are considerations that limit this discretion, however: (1) the need to bring litigation to an end, and (2) the need to render just decisions on the basis of all of the facts. *Id.* Generally, there are four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002).

Plaintiff claims that the instant motion has been filed to "correct a manifest error of fact and is necessary in order to prevent manifest injustice." (Rec. Doc. 106, p. 2). The Court disagrees that its prior opinion reflects any manifest error. First, the Court stands by its conclusion that Plaintiff failed to establish the second element of a prima facie case - that Plaintiff was qualified for the position. Plaintiff acknowledges that, pursuant to her doctor's orders, she could not return to work. While Plaintiff argues that she could have worked from home, it is undisputed that Jotun had been presented at the time with a short term disability form, which indicated that Plaintiff had a "high-risk pregnancy", classified her as a "Class 5" physical impairment, and stated that she was incapable of performing minimal sedentary activity (i.e, essentially that no modifications to her job would allow her to perform it). (See Exhibit 5 to Rec. Doc. 15). Plaintiff essentially asserts that Jotun should have

completely disregarded the information in this form and allowed her to work from home. Further, Plaintiff now argues that, based on information developed during discovery in this matter, a genuine issue of material fact is created because her doctor now claims that the "Class 5" classification may have been an error. However, this argument is of no moment to the Court's analysis and certainly does not create an issue of fact as to whether she was qualified for her position. As Jotun points out, it is inconsequential whether Plaintiff was prevented from working by her physician (which, as noted above, is what Jotun was told at the time Plaintiff was absent from work), or whether it was Plaintiff's own desire to stay at home. What *is* important to the Court's analysis is that Plaintiff failed to go to work to perform her job for sixteen weeks. *This* is what made her unqualified for her position. See *Rogers v. Int'l Machine Terminals, Inc.*, 87 F.3d 755, 759 (5th Cir.1996), *Tyndall v. Nat'l Educ. Centers, Inc. of Cal.*, 31 F.3d 209, 213 (4th Cir.1994); *Nesser v. Trans World Airlines, Inc.*, 160 F.3d 442, 445 (8th Cir.1998); *In Re INSpire Ins. Solutions, Inc.*, 2008 WL 2065981 (Bkrtcy. N.D. Tex. May 14, 2008); *Gorman v. Well Mfg. Corp.*, 209 F. Supp.2d 970, 980 (S.D. Iowa, 2002).

   Next, the Court stands by its conclusion that Plaintiff failed to establish the fourth element of a prima facie case for pregnancy discrimination, i.e., that non-pregnant employees were treated more favorably. In support of this argument, Plaintiff essentially reargues facts and arguments presented in opposition to Defendant's Motion for Summary Judgment. However, a motion to reconsider is not the proper vehicle for rehashing evidence, legal theories, or arguments that were raised before the entry of judgment *Simon*, 891 F.2d at 1159. As for the new excerpts from Kris Keller's deposition that Plaintiff presents with the instant motion, these could and should have been presented in conjunction with the dispositive motion and do not warrant or justify a reversal of this

Court's earlier granting of summary judgment. Even if they were considered, however, they do not change the Court's ultimate conclusion: that Keller was not treated more favorably than Plaintiff. Indeed, both employees exceeded their allowed amount of leave, and both were both terminated.

Given the foregoing, the Court does not find reconsideration of its prior ruling to be necessary to prevent manifest injustice.  Accordingly,

**IT IS ORDERED** that the **Plantiff's Motion for Reconsideration of the Court's Ruling Entered September 15, 2010 (Rec. Doc. 102)** is **DENIED**.

New Orleans, Louisiana, this 20th day of October, 2010.

_____
**KURT D. ENGELHARDT**
**United States District Judge**